Davis & Allen vs. Foster.

a decree *nisi* to go, and then an absolute decree to be rendered in the court below and refused to put in any answer, they have no right to complain that the decree was rendered absolute and the bill taken for confessed as against them.

2nd. The defendant in error contends that a writ of error does not lie in chancery, and that therefore this cause should be dismissed.

1. A conveyance containing a clause, transfering a negro woman to another, during her natural life, and reserving the increase of the negro woman for the heirs of a third person, to be divided among them by the grantor or his personal representatives, passes no present interest in the increase of the negro to such heirs, and they cannot have partition of them.

## APPEAL from Linn Circuit Court.

### STATEMENT OF THE CASE.

The appellants commenced a suit in the Linn circuit court for partition of two slaves named Charlotte and Price, alleging that they owned 14-15 and appellee 1-15 thereof; that appel-

Davis & Allen vs. Foster.

he had possession and refused to permit them to use or control said slaves, and asking partition or sale. Defendant answered, denying that plaintiffs had any title to the slaves, alleging that she was the owner, had owned the mother named Dice, and had sold her; that her father gave her Dice; that when she married James S. Foster he took her into possession; that when her said husband died, about twenty years ago, said slave remained in her possession as her property and continued until she sold her, and that the negroes sued for still remained in her possession and are the children of Dice.

On the trial, plaintiffs proved a conveyance by James S. Foster during his life and marriage with defendant, to George S. Foster, father of James, of said negro Dice and a re-conveyance by him of said negro to defendant, "to have and hold said negro woman, Dice, during her natural life. The increase of the said negro woman is reserved for the heirs of the said James S. Foster, and to be divided among the said heirs of James S. Foster by me or my personal representatives, so as to make an equal distribution, taking into consideration what I have given to said children," and at her death (of said defendant) the negro girl, Dice, is to be divided among said minors, namely, Jane Foster, Nancy Foster, Josiah Foster, James S. Foster, Pannelia Foster and George Foster, to be equally divided amongst them, and if either child died without children, the property to go to the rest. The latter conveyance was made after the death of defendant's husband. Plaintiffs proved the slaves sued for to be the increase of Dice since said deed was made; the death of two of James Foster's children without heirs, and subsequent conveyances from the rest to plaintiffs, and rested.

Upon this evidence the court instructed the jury, at the instance of the defendant, that "the plaintiffs evidence was insufficient to entitle the plaintiffs to an order of distribution," and further declared that "under Foster's deed to the defendant the plaintiffs could not have a partition of the slaves till the death of George S. Foster, or until he should order or authorize a partition."

The plaintiffs suffered a nonsuit, and a motion to set it aside for this misdirection being over-ruled, they excepted and have appealed to this court.

LEONARD, ABELL & STRINGFELLOW, for appellants.

1. The title to the after born children of the slave Dice, as they came into existence, vested by the terms of the deed in the grand children, the plaintiffs grantors.

The increase was potentially in the owner of the mother, and, therefore, the subject of present grant: Shepherd's Touchstone, Title "Grant" 241 side page; Noys Maxims 83.

These dispositions of slave property are quite common in slaveholding communities, and their validity has frequently been affirmed in courts of justice. Bank's adm'r. vs. Marksbury, 3 Littell's Rep. 275, cited in Wheeler on slavery, 28. Fulton vs. Shaw, 4 Rand. Rep. 599, per Carr judge.

2. The words in the deed "to be divided among them by me, (the grantor) or my personal representatives, so as to make an equal distribution, taking into consideration what I have given to said children," suspends, neither the immediate vesting of the property in the children, nor their right to demand an immediate partition.

The interests of the joint tenants in the slaves are ascertained in the deed. No discretion is reserved to the giver to give one more and another less, or to withhold partition a single moment, and as a court of justice would have compelled the grantor to make partition without delay, and to give to each child his due share according to the terms of the grant, the deed as to this matter will receive the same construction that would be given to it, were the recited words altogether omitted; or in other words, what the law would compel the grantor to do, in this case, it will do itself without intervention.

ADAMS & HAYDEN, for respondent.

1. The deed of gift from George S. Foster to the appellee passed no interest in the slaves to the children of James S. Foster under whom the appellants claim. The deed was an Indenture "inter partis" between George S. Foster of the one part and Margaret Foster, the appellee of the other part, and the children of James S. Foster are not parties in the deed; and it is well established that those who are not parties to a deed inter partis can take no interest except by way of remainder. Webb and Harris vs. Holmes &c, 3 B. Monroe's Rep. 404. Hornleck vs. Westbrook, 9 John's Rep, 73. Co. L. 231 a, 3 M. & L, 308, 322. 8 Mod, 116, 4 Comyris Digest, 2. 2 Bolls. Abr. 22, Salter vs. Kidgley Caith 76. 8 Coke 69.

2. The reservation of the increase of the slave Dice, was to the grantor, George S, Foster, and not to the children of James S. Foster, and if the reservation had been to them it would have been void, as they were strangers and not parties to the deed. 9 Johnsons Rep. 73, and the authorities above referred to.

3. By no construction that could be put upon the deed, so as to make the deed operative as to the children, could they take any thing but a remainder in the slaves after the life estate of the appellee.

4. We deny that any present interest in the increase of Dice passed to the children, or even any interest by way of remainder; but if any such interest did pass, the only person empowered by the deed to make partition was the grantor or his personal representatives, and the court, in this cause, had no power to order partition.

5. The record shows no judgment from which an appeal would lie.

RYLAND, J., delivered the opinion of the court.

The construction of the conveyance by George S. Foster of the negro woman, Dice, to the defendant, Margaret Foster, is the principal matter in the present controversy. This conveyance contains the following clause, "to have and to hold the said negro woman, Dice, during her natural life." "The increase of the said negro woman is reserved for the heirs of said James S. Foster and to be divided among the said heirs of James S. Foster by me or my personal representatives, so as to make an equal distribution, taking into consideration what I have given to said children." "And at her death (that is the defendant's death) the negro girl Dice is to be divided among said minors (naming them) equally.

The plaintiffs claim the increase of Dice, under this conveyance.

Upon a careful examination of this conveyance, it becomes clear that there is no grant in it of any present estate in the increase of the negro woman Dice, to the children of James S. Foster, the grand children of the grantor. Neither the terms of the conveyance, nor the intent of the grantor, as gathered from the whole instrument, can be construed into a grant of any present interest in and to the increase of the woman Dice, to the grand children of George S. Foster. "The increase of the woman is reserved for the heirs of James S. Foster to be by me or my personal representatives distributed," &c. Here is no passing of any

Davis & Allen vs. Foster.

present interest in the increase of Dice to the heirs of James S. Foster. Nor can such terms be made into a grant. The obvious design of the grantor was to save the controlling power and the interest in the increase to himself, which he might hereafter distribute, or which his legal representatives might distribute.

To construe this instrument into a grant of a present estate in the increase of the negro woman Dice, to the heirs of Jas. S. Foster, would produce the absurdity of supposing the grantor, George S. Foster, intended to give power to those minors to have a partition or sale of each child of the negro woman, Dice, as soon as it was born.

The deed of conveyance then, in the opinion of this court, passed no present estate in the increase of Dice to the children of James S. Foster. Neither the words of the instrument, nor the intent of the parties allow of the passing of any estate in such increase to the grand children of George S. Foster.

The court below declared the law to be, "That under the deed from George S. Foster to Margaret Foster, the plaintiffs cannot have a partition of the slaves, until the death of George S. Foster, or until he orders or authorises a partition." This instruction is wrong in the latter clause of it. It should have stopped at the simple declaration, that the plaintiffs were not entitled to a partition in these slaves. But as the judgment of the court below, was, upon the whole case, for the right party, and as the qualification in the instruction was to the injury of the defendant, who notwithstanding had judgment, the judgment below is affirmed, the other judges concurring.